1  Matthew Franklin Jaksa (CA State Bar No. 248072)
2  HOLME ROBERTS & OWEN LLP
   560 Mission Street, 25th Floor
3  San Francisco, CA 94105-2994
   Telephone:  (415) 268-2000
4  Facsimile:  (415) 268-1999
   Email:      matt.jaksa@hro.com
5
6  Attorneys for Plaintiffs,
   CAPITOL RECORDS, INC.; UMG
7  RECORDINGS, INC.; SONY BMG MUSIC
   ENTERTAINMENT; and WARNER BROS.
8  RECORDS INC.

E-filing

EDL

10              UNITED STATES DISTRICT COURT
11              NORTHERN DISTRICT OF CALIFORNIA

13  CAPITOL RECORDS, INC., a Delaware         CASE NO.
    corporation; UMG RECORDINGS, INC., a
14  Delaware corporation; SONY BMG MUSIC      **COMPLAINT FOR COPYRIGHT**
    ENTERTAINMENT, a Delaware general         **INFRINGEMENT**
15  partnership; and WARNER BROS. RECORDS
16  INC., a Delaware corporation,
                        Plaintiffs,
17
18       v.

19  JOHN DOE,
                        Defendant.
20

Complaint for Copyright Infringement
Case No.
#36447 v1

**JURISDICTION AND VENUE**

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*).

2. This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

3. Venue in this District is proper. See 28 U.S.C. §§ 1391(b), 1400(a). Although the true identity of Defendant is unknown to Plaintiffs at this time, on information and belief, Defendant may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District. On information and belief, personal jurisdiction in this District is proper because Defendant, without consent or permission of the copyright owner, disseminated over the Internet copyrighted works owned and/or controlled by Plaintiffs. On information and belief, such illegal dissemination occurred in every jurisdiction in the United States, including this one. In addition, Defendant contracted with an Internet Service Provider ("ISP") found in this District to provide Defendant with the access to the Internet which facilitated Defendant's infringing activities.

**PARTIES**

4. Plaintiff Capitol Records, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

5. Plaintiff UMG Recordings, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

6. Plaintiff SONY BMG MUSIC ENTERTAINMENT is a Delaware general partnership, with its principal place of business in the State of New York.

7. Plaintiff Warner Bros. Records Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

8. The true name and capacity of Defendant are unknown to Plaintiffs at this time. Defendant is known to Plaintiffs only by the Internet Protocol ("IP") address assigned to Defendant by his or her ISP on the date and time of Defendant's infringing activity. See Exhibit A. Plaintiffs

believe that information obtained in discovery will lead to the identification of Defendant's true name.

## COUNT I

## INFRINGEMENT OF COPYRIGHTS

9. Plaintiffs incorporate herein by this reference each and every allegation contained in each paragraph above.

10. Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright law with respect to certain copyrighted sound recordings, including, but not limited to, all of the copyrighted sound recordings on Exhibit A to this Complaint (collectively, these copyrighted sound recordings shall be identified as the "Copyrighted Recordings"). Each of the Copyrighted Recordings is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to each Plaintiff as specified on each page of Exhibit A.

11. Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted Recordings to the public.

12. Plaintiffs are informed and believe that Defendant, without the permission or consent of Plaintiffs, has continuously used, and continues to use, an online media distribution system to download and/or distribute to the public certain of the Copyrighted Recordings. Exhibit A identifies the IP address with the date and time of capture and a list of copyrighted recordings that Defendant has, without the permission or consent of Plaintiffs, downloaded and/or distributed to the public. Through his or her continuous and ongoing acts of downloading and/or distributing to the public the Copyrighted Recordings, Defendant has violated Plaintiffs' exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiffs' copyrights and/or exclusive rights under copyright. (In addition to the sound recordings listed on Exhibit A, Plaintiffs are informed and believe Defendant has, without the permission or consent of Plaintiffs, continuously downloaded and/or distributed to the public additional sound recordings owned by or exclusively licensed to Plaintiffs or Plaintiffs' affiliate record labels, and Plaintiffs believe that such acts of

1  infringement are ongoing. Exhibit A includes the currently-known total number of audio files being
2  distributed by Defendant.)
3     13.  Plaintiffs have placed proper notices of copyright pursuant to 17 U.S.C. § 401 on
4  each respective album cover of each of the sound recordings identified in Exhibit A. These notices
5  of copyright appeared on published copies of each of the sound recordings identified in Exhibit A.
6  These published copies were widely available, and each of the published copies of the sound
7  recordings identified in Exhibit A was accessible by Defendant.
8     14.  Plaintiffs are informed and believe that the foregoing acts of infringement have been
9  willful, intentional, and in disregard of and with indifference to the rights of Plaintiffs.
10    15.  As a result of Defendant's infringement of Plaintiffs' copyrights and exclusive rights
11 under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c) against
12 Defendant for each infringement of each copyrighted recording. Plaintiffs further are entitled to
13 their attorneys' fees and costs pursuant to 17 U.S.C. § 505.
14    16.  The conduct of Defendant is causing and, unless enjoined and restrained by this
15 Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated
16 or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502
17 and 503, Plaintiffs are entitled to injunctive relief prohibiting Defendant from further infringing
18 Plaintiffs' copyrights, and ordering that Defendant destroy all copies of copyrighted sound
19 recordings made in violation of Plaintiffs' exclusive rights.
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

3

Complaint for Copyright Infringement
Case No.
#36447 v1

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1. For an injunction providing:

"Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings or to distribute (i.e., upload) any of Plaintiffs' Recordings, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control."

2. For statutory damages for each infringement of each Copyrighted Recording pursuant to 17 U.S.C. § 504.

3. For Plaintiffs' costs in this action.

4. For Plaintiffs' reasonable attorneys' fees incurred herein.

5. For such other and further relief as the Court may deem just and proper.

Dated: March 27, 2008

HOLME ROBERTS & OWEN LLP

By: _____
MATTHEW FRANKLIN JAKSA
Attorney for Plaintiffs
CAPITOL RECORDS, INC.; UMG RECORDINGS, INC.; SONY BMG MUSIC ENTERTAINMENT; and WARNER BROS. RECORDS INC.

# EXHIBIT A

# JOHN DOE

**IP Address:** 207.62.146.131 2007-10-26 21:58:46 EDT

**CASE ID#** 146131699

**P2P Network:** GnutellaUS

**Total Audio Files:** 316

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| Capitol Records, Inc. | Marcy Playground | Sex and Candy | Marcy Playground | 240-954 |
| UMG Recordings, Inc. | Blink-182 | All the Small Things | Enema of the State | 279-826 |
| Capitol Records, Inc. | OK Go | You're So Damn Hot | Ok Go | 322-969 |
| SONY BMG MUSIC ENTERTAINMENT | The Ataris | In This Diary | So Long, Astoria | 332-822 |
| Warner Bros. Records Inc. | Linkin Park | Somewhere I Belong | Meteora | 346-247 |
| Capitol Records, Inc. | Yellowcard | Lights And Sounds | Lights and Sounds | SRu 587-735 |
| BMG Music | Kelly Clarkson | Miss Independent | Thankful | 355-313 |
| Capitol Records, Inc. | OK Go | Here It Goes Again | Oh No | 377-392 |
| UMG Recordings, Inc. | Nelly Furtado | Say It Right | Loose | 387-509 |
| BMG Music | Kelly Clarkson | Gone | Breakaway | 352-147 |

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I. (a) PLAINTIFFS**
CAPITOL RECORDS, INC.; UMG RECORDINGS, INC.; SONY BMG MUSIC ENTERTAINMENT; and WARNER BROS. RECORDS INC.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
New York County, NY
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANT**
JOHN DOE
COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
HOLME ROBERTS & OWEN LLP
Matthew Franklin Jaksa (SBN: 248072)   Phone: (415) 268-2000
560 Mission Street, 25th Floor   Fax: (415) 268-1999
San Francisco, CA 94105-2994

**ATTORNEYS (IF KNOWN)**

**II. BASIS OF JURISDICTION** (PLACE AN "✓" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only)

**IV. ORIGIN** (PLACE AN "✓" IN ONE BOX ONLY)
☒ 1 Original Proceeding

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)
☒ 820 Copyrights

**VI. CAUSE OF ACTION**
17 U.S.C. § 501 et seq. – copyright infringement

**VII. REQUESTED IN COMPLAINT**
DEMAND $ Statutory damages; injunction
JURY DEMAND: ☒ NO

**VIII. RELATED CASE(S) IF ANY** PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT** (CIVIL L.R. 3-2) ☐ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE

DATE: March 27, 2008

SIGNATURE OF ATTORNEY OF RECORD