Dawniell Alise Zavala (CA State Bar No. 253130)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA  94105-2994
Telephone:  (415) 268-2000
Facsimile:   (415) 268-1999
Email:         dawniell.zavalad@hro.com

Attorneys for Plaintiffs,
CAPITOL RECORDS, INC.; UMG RECORDINGS, INC.; SONY BMG MUSIC ENTERTAINMENT; and WARNER BROS. RECORDS INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CAPITOL RECORDS, LLC, a Delaware limited liability company; UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and WARNER BROS. RECORDS INC., a Delaware corporation,<br><br>                    Plaintiffs,<br><br>     v.<br><br>JOHN DOE,<br>                    Defendant. | CASE NO. 3:08-CV-01665-EDL<br><br>Hon. Elizabeth D. Laporte<br><br>***EX PARTE* APPLICATION TO EXTEND TIME TO EFFECTUATE SERVICE AND [PROPOSED ORDER]** |

Pursuant to Rules 4(m) and 6(b)(1)(A) of the Federal Rules of Civil Procedure, Plaintiffs ask this Court for an additional 90 days to serve Defendant John Doe with the Summons and Complaint. As further explained below and in support of their request, Plaintiffs state as follows:

1. The current deadline for service of process is July 25, 2008. There has no prior request for an extension of the service deadline.

2. Plaintiffs filed their Complaint for Copyright Infringement against Defendant John Doe on March 27, 2008. Plaintiffs did not have sufficient identifying information to name Defendant in the Complaint, but were able to identify Defendant by the Internet Protocol address assigned to Defendant by Defendant's Internet Service Provider ("ISP") – in this case, California State University, Monterey Bay.

3. In order to determine the true name and identity of the Doe defendant, Plaintiffs filed their Application for Leave to Take Immediate Discovery on March 27, 2008 requesting the Court to enter an Order allowing Plaintiffs to serve a Rule 45 subpoena on the ISP.

4. The Court entered an Order for Leave to take Immediate Discovery on April 1, 2008 which was promptly served upon the ISP along with a Rule 45 subpoena.

5. On May 29, 2008, the ISP responded and identified Bryce Headland as the infringer.

6. Upon receipt of this information, Plaintiffs gave Mr. Headland formal written notice of their claims and requested that he contact them to discuss settlement. Thereafter, Plaintiffs representatives and Mr. Headland entered into settlement negotiations, but the no settlement agreement was reached.

7. Thus, Plaintiffs are now in the process of amending the Complaint to name Mr. Headland individually as the Defendant in this case, and as a result, there is not sufficient time prior to the service deadline for Plaintiffs to amend the Complaint and serve Defendant with the Summons and Amended Complaint.

9. Given the circumstances of this case, Plaintiffs respectfully request an additional 90 days to effectuate service.

10. Plaintiffs submit that their attempts to give formal notice to Mr. Headland of their claims and subsequent efforts to resolve the case without further litigation constitute good cause for

1

*EX PARTE* **APPLICATION TO EXTEND TIME TO EFFECTUATE SERVICE AND [PROPOSED] ORDER**
Case No. 3:08-cv-01665-EDL
#38894 v1

1 any delay in perfecting service. Plaintiffs have acted in good faith to try to settle this matter with Mr. Headland without naming him in the suit, and have attempted to avoid the cost of further litigation for both parties. *See*, e.g., *Matasareanu v. Williams*, 183 F.R.D. 242, 245-46 (C.D. Cal. 1998) (stating good cause standard for service extensions); *Ritts v. Dealers Alliance Credit Corp.*, 989 F. Supp. 1475, 1479 (N.D. Ga. 1997) (same). Moreover, unlike a traditional case in which the defendant is known by name and efforts to serve can begin immediately after filing the complaint, in this case Plaintiffs first had to obtain the identity of the defendant through the subpoena to the ISP. This Court has discretion to enlarge the time to serve even where there is no good cause shown. *Henderson v. United States*, 517 U.S. 654, 658 n. 5 (1996).

11. Because the copyright infringements here occurred in 2007, the three-year limitations period for these claims has not expired. *See*, 17 U.S.C. § 507(b) (2000). There can thus be no prejudice to the Defendant from any delay in serving the Complaint.

Dated: July 22, 2008                                          HOLME ROBERTS & OWEN LLP

By:     */s/ Dawniell Alise Zavala*
        DAWNIELL ALISE ZAVALA
        Attorney for Plaintiffs
        CAPITOL RECORDS, INC.; UMG
        RECORDINGS, INC.; SONY BMG
        MUSIC ENTERTAINMENT; and
        WARNER BROS. RECORDS INC.

*EX PARTE* APPLICATION TO EXTEND TIME TO EFFECTUATE SERVICE AND [PROPOSED] ORDER
Case No. 3:08-cv-01665-EDL
#38894 v1

# [PROPOSED] ORDER

Good cause having been shown:

IT IS ORDERED that, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1), Plaintiffs' time to serve the Summons and Complaint on Defendant be extended for 90 days from the date of this Order.

Dated: _____    By: _____
                                     Honorable Elizabeth D. Laporte
                                     United States Magistrate Judge

3

*EX PARTE* **APPLICATION TO EXTEND TIME TO EFFECTUATE SERVICE AND [PROPOSED] ORDER**
Case No. 3:08-cv-01665-EDL
#38894 v1